NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD HARLEY,<br><br>　　　　　　　Petitioner-Appellant,<br><br>　v.<br><br>J. T. SHARTLE, Warden, USP Tucson,<br><br>　　　　　　　Respondent-Appellee. | No. 18-15755<br><br>D.C. No. 4:15-cv-00092-RM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted February 19, 2019[**]

Before:　FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Ronald Harley appeals pro se from the district court's denial of his 28

U.S.C. § 2241 habeas petition challenging the United States Parole Commission's

("USPC") denials of parole in 2014 and 2016.  We have jurisdiction under 28

U.S.C. § 1291.  Reviewing de novo, *Benny v. U.S. Parole Comm'n*, 295 F.3d 977,

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

981 (9th Cir. 2002), we affirm.

Harley contends that the USPC violated his due process rights when it denied him parole in 2014 and 2016 because he has a liberty interest in parole and the USPC acted arbitrarily. The district court properly denied Harley's petition because he has no liberty interest in parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Ellis v. Dist. of Columbia*, 84 F.3d 1413, 1419-20 (D.C. Cir. 1996) (D.C. parole regulations, including the 1987 guidelines, do not create a liberty interest in parole). Additionally, the record demonstrates that the USPC's decisions were not arbitrary. *See Benny*, 295 F.3d at 981-82 (citing *Wallace v. Christensen*, 802 F.2d 1539, 1551-52 (9th Cir. 1986) (en banc)). The USPC issued written decisions, setting forth the reasons it denied parole each time, which were based on Harley's criminal history, an assessment of his risk of sexual recidivism, and post-conviction factors such as his continuing participation in sex-offender treatment programs and mental health counseling. Harley's contention that the USPC improperly failed to consider other mitigating factors in denying parole including the lack of a disciplinary record, his educational achievements, and his consistent efforts at rehabilitation, is meritless.

We do not consider arguments raised for the first time on appeal. *See*

*Padgett v. Wright*, 587 F.3d 983, 985-86 n.2 (9th Cir. 2009).

**AFFIRMED.**